Sol TEITELBAUM, M.D., Petitioner,

v.

**HEALTH CARE FINANCING ADMINISTRATION, Respondent.**

No. 01–70236.

HCFA No. C–98–277/CR679.

United States Court of Appeals, Ninth Circuit.

Submitted March 15, 2002.*

Decided March 18, 2002.

Fed. R.App. P. 34(a)(2).

866

Before RYMER, KLEINFELD, and MCKEOWN, Circuit Judges.

MEMORANDUM **

On Petition for Review of an Order of the Health Care Financing Administration

Sol Teitelbaum appeals pro se from a final administrative decision under the Clinical Laboratory Improvement Amendments of 1988 (CLIA). 42 U.S.C. § 263a. The decision prohibits Teitelbaum from owning or operating a laboratory for two years. We affirm. Because the parties are familiar with the factual and procedural background, we need not detail it here.

CLIA requires that, prior to operating, all laboratories receive a certificate from the Secretary of the Department of Health and Human Services. 42 U.S.C. § 263a(b). Revocation of such a certificate disqualifies both the owner and operator of the laboratory from owning or operating any laboratory for two years. *Id.* at § 263a(i)(3). Teitelbaum contends that the government did not have authority to revoke the certificate issued to his employer,

Sentinel Medical Laboratories, because it had ceased operating prior to the revocation. He offers no support for this proposition. Teitelbaum was the director of a laboratory whose certificate was revoked. Therefore, he was properly sanctioned under CLIA. § 263a(i)(3); 42 C.F.R. § 493.2. Teitelbaum's claim that CLIA regulations 42 C.F.R. §§ 493.1407(d) and 493.1840(a)(8) are unconstitutional because they violate the principle of respondent superior is likewise without support.

Nor can we embrace his claim that the administrative proceedings violated his due process rights. The record, however, indicates that he received adequate notice and an adequate opportunity to be heard. That Teitelbaum was required to exhaust administrative remedies prior to having access to an Article III court did not violate his due process rights. *See Parisi v. Davidson,* 405 U.S. 34, 37, 92 S.Ct. 815, 31 L.Ed.2d 17 (1972) (explaining rationales for administrative exhaustion doctrine). The administrative law judge's refusal to stay the sanction pending appeal was also consistent with due process because doing so did not deprive Teitelbaum of meaningful judicial review. *See Thunder Basin Coal Co. v. Reich,* 510 U.S. 200, 207, 114 S.Ct. 771, 127 L.Ed.2d 29 (1994) (preclusion of initial judicial review is appropriate where there is an opportunity for some meaningful review of petitioner's claims after the administrative process).

AFFIRMED.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.